NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 22-1727

———

In re: NATIONAL MEDICAL IMAGING, LLC, et al.,

Debtors,

NATIONAL MEDICAL IMAGING, LLC; NATIONAL MEDICAL IMAGING
HOLDING CO., LLC,

v.

U.S. BANK, N.A.,
                           Appellant

Appeal from the United States Bankruptcy Court
for the Eastern District of Pennsylvania
(Bankruptcy No. 0313-02:20-ap-00219)
following certification by the District Court
Bankruptcy Judge: Honorable Eric L. Frank

Submitted Under Third Circuit L.A.R. 34.1(a)
June 26, 2023

Before: KRAUSE, BIBAS and AMBRO, Circuit Judges

(Opinion filed June 29, 2023)

OPINION[*]

**AMBRO**, <u>Circuit Judge</u>

  We enter another chapter in the timeworn dispute between U.S. Bank and two National Medical Imaging entities. In it, we agree with U.S. Bank that the Bankruptcy Court erred by holding that public policy precludes the former from setting off its liability under Bankruptcy Code § 303(i)(1). Section 553(a) of the Code governs here, not public policy, so we vacate and remand for the Court to consider whether setoff is permitted.

# I

  Seven years ago we wrote that "[i]t is an understatement to say that the factual background and procedural history lurking behind this case are complex. Our appeal is but one fragment of more than a decade of ongoing litigation between Maury Rosenberg and his medical imaging centers on the one side and U.S. Bank and its affiliated entities on the other. By our estimate, that litigation has produced 27 written opinions at almost every level of the federal judiciary." *Rosenberg v. DVI Receivables XVII, LLC*, 835 F.3d 414, 416 (3d Cir. 2016). Amazingly, the parties have still not managed to resolve their dispute. They have continued to litigate in *Bleak House* fashion. We do not now count how many more opinions their dispute has spawned, but suffice to say they are not few. With the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

parties' litigiousness in mind, we write only for them and recount only the facts necessary to our decision.

In 2008, U.S. Bank and others filed involuntary bankruptcy petitions against National Medical Imaging and National Medical Imaging Holding Company, LLC (collectively, "NMI"). *See In re Nat'l Med. Imaging*, No. 08-17351 (Bankr. E.D. Pa. 2008); *In re Nat'l Med. Imaging Holding Co.*, No. 08-17348 (Bankr. E.D. Pa. 2008). The Bankruptcy Court dismissed those petitions. *In re Nat'l Med. Imaging*, 439 B.R. 837 (Bankr. E.D. Pa. 2009). The dismissals caused NMI to sue U.S. Bank for costs and attorneys' fees under 11 U.S.C. § 303(i)(1) as well as proximate and punitive damages under § 303(i)(2) for an alleged bad-faith involuntary petition. *See Nat'l Med. Imaging, LLC v. U.S. Bank, N.A.*, No. 14-ap-250 (Bankr. E.D. Pa. 2014). The Bankruptcy Court stayed that case, on and off, until 2021.

In the interim, U.S. Bank obtained a judgment against NMI for $12 million plus post-judgment interest.[1] The Bank sought to execute on those judgments by moving a Florida state court to force NMI to sell its § 303(i)(2) causes of action.[2] Presumably, U.S. Bank would then credit bid and acquire the claims against itself to nix them. The Florida court granted U.S. Bank's motion.

---

[1]     In 2019, it acquired a writ of execution for that judgment.

[2]     By this time, U.S. Bank had obtained summary judgment on NMI's § 303(i)(2) claim. *Nat'l Med. Imaging, LLC v. U.S. Bank, N.A.*, No. 16-cv-5044, 2019 WL 4076768 (E.D. Pa. Aug. 28, 2019). NMI's appeal, however, was then pending before us. We later affirmed, thus leaving NMI with only its § 303(i)(1) claim. *In re Nat'l Med. Imaging, LLC*, 818 F. App'x 129 (3d Cir. 2020) (cleaned up).

3

Shortly thereafter, NMI voluntarily filed for bankruptcy, declaring its § 303(i) claims to be its only significant assets. It then sought two declaratory judgments in an adversary proceeding. First, it requested a declaration that U.S. Bank may not set off its money judgment against NMI's § 303(i) award. Setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)). The Court entered judgment for NMI, reasoning that, "as a matter of public policy," § 303(i)(1) remedies are not subject to setoff.[3] A11. Second, NMI asked the Court to declare that "U.S. Bank is prohibited from taking any action to interfere with the Debtors' prosecution of their claims under Section 303(i)" other than defending against those claims. A95. Although the Court first dismissed this claim as unripe because Code § 362(a)'s automatic stay "precludes any action U.S. Bank might wish to take . . . that might impair or extinguish [NMI's] § 303(i) claims," A68, it later *sua sponte* reversed and entered judgment for NMI. U.S. Bank timely appealed.[4]

---

[3]    Because U.S. Bank prevailed in NMI's § 303(i)(2) action, the Court noted that any relief NMI requested as to those claims was now moot. Thus, its opinion concerned only setoff against NMI's § 303(i)(1) award.

[4]    The parties tried the § 303(i)(1) claim as this appeal was pending. The Bankruptcy Court held that U.S. Bank and its co-defendants are jointly and severally liable to NMI for $2,285,882.90 and U.S. Bank is separately liable for $237,280.25. *In re Nat'l Med. Imaging, LLC*, No. 14-ap-250, 2023 WL 2246725, at *6–7 (Bankr. E.D. Pa. Feb. 27, 2023). But the Court did not enter judgment and will not do so until we resolve this appeal, reasoning that NMI is entitled to approximately $240,000 more if we affirm. *Id.* at *3.

II[5]

We begin with U.S. Bank's challenge to the Bankruptcy Court's declaratory judgment that U.S. Bank may not set off its judgments against its § 303(i)(1) liability. The Court barred that setoff "as a matter of public policy." A11. But public policy cannot displace a statute that is directly on point. The Court should have applied § 553(a), which governs a creditor's ability to set off debt owing to reorganizing debtors.[6] That provision reads:

> [T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). "Although no federal right of setoff is *created* by the Bankruptcy Code, [] § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Strumpf*, 516 U.S. at 18 (emphasis added). So for U.S. Bank "to assert a setoff exception under § 553, a right to setoff must exist under applicable state law." *In re Orexigen Therapeutics, Inc.*, 990 F.3d 748, 753 (3d Cir. 2021). It also

---

[5] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 1334(b). We have jurisdiction under 28 U.S.C.§ 158(d)(1). We review a district court's decision to grant or withhold a declaratory judgment for abuse of discretion. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 138 (3d Cir. 2014).

[6] We apply § 553(a) because NMI is currently seeking to reorganize. We doubt the statute would apply without a pending bankruptcy petition. *Cf. In re K.P. Enter.*, 135 B.R. 174, 185 (Bankr. D. Me. 1992) (§ 553(a) does not apply after a bankruptcy is dismissed). Because a § 303(i) award may be pursued only by a party who staves off an involuntary bankruptcy petition, this case's facts—a *currently* bankrupt party in a voluntary case seeking such an award—are rare.

5

must satisfy § 553's additional requirements that the debts to be set off are "mutual" and "arose before the commencement of the case." *Id.* at 751 n.4, 753–54.

Pennsylvania law is the source of U.S. Bank's asserted setoff right. Setoff there "is an inherent power of the courts, regulated by equitable principles." *Pierce to Use of Snipes v. Kaseman*, 192 A. 105, 107 (Pa. 1937). Though courts follow "the general rule that cross-demands must be held by the same persons and in the same rights, so that actions may be maintained thereon each against the other," *Hibert v. Lang*, 30 A. 1004, 1005 (Pa. 1895), that rule is "subservient to the fundamental principle that each case is to be determined on its own circumstances and merits, viewed with the eyes of a chancellor in equity." *Leitz v. Hohman*, 56 A. 868, 868 (Pa. 1904).

We do not perceive the Bankruptcy Court to have assumed the posture of a court sitting in equity. It neither referenced Pennsylvania law nor analyzed the circumstances of this case. To repeat, it applied a blanket rule against setoff "as a matter of public policy." A11. But however sound that aspirational policy may be, Congress has not codified it. And we are reluctant to displace state law in bankruptcy without clear statutory direction. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007) ("[W]e generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed."). Our takeaway is that the Bankruptcy Court should have considered state law—the threshold question underpinning setoff under § 553(a).[7]

---

[7] Of course, a court's equitable discretion may be informed by policy considerations. *See, e.g., Off. Comm. of Unsecured Creditors of Allegheny Health Educ. & Rsch. Found.*

6

Because we cannot conclude that setoff is unavailable under Pennsylvania law, we must determine whether § 553(a)'s additional limitations are met. Recall that the statute allows only "mutual debt[s]" that "arose before the commencement of the case" to be set off. First, the debts are mutual. Although "one end of the [] debts [is] joint and several," this requirement is met because there remain debts "directly owing between [NMI] and [U.S. Bank]." *In re Orexigen Therapeutics, Inc.*, 990 F.3d at 755 n.14. In addition, both debts arose before NMI's voluntary bankruptcy petition.[8]

Based on the above, we conclude U.S. Bank is not barred from setting off its § 303(i)(1) liability as a matter of law. Thus we vacate the Bankruptcy Court's declaratory judgment and remand for it to consider whether U.S. Bank may obtain setoff under § 553(a).

### III

The District Court also declared that "U.S. Bank . . . may not employ its existing money judgment to execute against [NMI's] property rights in any 303(i) judgment." A12. But NMI is seeking to reorganize in bankruptcy; so § 362(a)(1)'s automatic stay precludes U.S. Bank from going forward. Under that provision, a bankruptcy petition "operates as a

---

*v. PriceWaterhouseCoopers, LLP*, 989 A.2d 313, 331 (Pa. 2010) (permitting "judicious consideration of competing policies which may be implicated in the extension of [an equitable] defense."). It would therefore be proper for the Court to consider bankruptcy policy alongside any other factor relevant to its decision.

[8] NMI contends that setoff is inappropriate because U.S. Bank's § 303(i)(1) liability did not "arise before the commencement of the" involuntary bankruptcy case. But we are applying § 553(a) because NMI is currently in bankruptcy, so that filing is the relevant "case" for this inquiry.

stay . . . of the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The Bankruptcy Court nevertheless reached this claim, reasoning "it is by no means certain that [NMI] can propose and confirm a Chapter 11 plan. And if they cannot, there is potential for a dismissal of the [] bankruptcy case[,] . . . at which point the potential for U.S. Bank to employ its existing money judgment against [NMI's] claim will again exist[,] as there will be no automatic stay." A13-14.

This possibility is too remote for judicial intervention now. *See Texas v. United States*, 523 U.S. 296, 300 (1998) (a claim is not ripe if it "rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (cleaned up). We thus vacate the Court's declaratory judgment.

\* \* \* \* \*

We vacate and remand to the Bankruptcy Court for further proceedings consistent with this opinion.